IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JOSEPH DENNY NEZPERCE,<br><br>Petitioner,<br><br>vs.<br><br>JIM SALMONSEN; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 22-57-BU-BMM<br><br><br>ORDER |

This case comes before the Court on Petitioner Nezperce's application for writ of habeas corpus under 28 U.S.C. § 2254. Nezperce is a state prisoner proceeding pro se. He has not paid the $5.00 filing fee or moved to proceed in forma pauperis, but there is no need to delay resolution on that account.

Nezperce's claims involve the conditions of his confinement. *See* Pet. (Doc. 1) at 4, 8–11. Because he does not believe he is safe, he asks this Court to release him. *See, e.g.*, *id.* at 10.

Nezperce cannot litigate these claims in a habeas petition. "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam)). Nezperce does not claim that his sentence has expired and does not challenge the validity of

1

the conviction or sentence underlying his current custody. His allegations do not lie at the heart of habeas corpus.

Nezperce contends, in effect, that when conditions of confinement pose a threat to personal safety, release from custody is the only appropriate remedy. But, under certain stringent circumstances, release may be available as a remedy under 42 U.S.C. § 1983 for proven, persistent, and uncorrected constitutional violations. *See, e.g.*, *Brown v. Plata*, 563 U.S. 493, 499–502 (2011); 18 U.S.C. § 3626(a)(3). In the vast majority of cases, measures short of release—reclassification or transfer, an award of damages, declaratory judgment, or the like—will adequately remedy such violations. But every action under § 1983 entails a remote possibility that release *might* be available. That fact does not make § 1983 actions and habeas petitions equivalent or interchangeable. The Ninth Circuit holds that they are mutually exclusive. *See Nettles*, 830 F.3d at 927–31.

Because Nezperce's claims do not "lie at the core of habeas corpus," they "must be brought, if at all," in a civil complaint under 42 U.S.C. § 1983. *Nettles*, 830 F.3d at 931 (internal quotation marks and citations omitted).

Section 1983 may involve different exhaustion requirements and does involve a different filing fee. It is not clear whether Nezperce would name the Respondents to the petition as the Defendants in a § 1983 action. Nezperce's allegations do not suggest that a time bar is imminent. Rather than converting this

action to a § 1983 action, *see Nettles*, 830 F.3d at 936 (court "may" convert the petition if, among other things, "it names the correct defendants"), the Court will dismiss the petition. If Nezperce wishes to proceed under § 1983, his filing history shows that he knows how to do so. He has filed five actions under § 1983, four of them in 2022.

A certificate of appealability, *see* 28 U.S.C. § 2253(c), is not warranted. Nezperce's allegations do not provide room for reasonable debate about their nature. *See Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The disposition is controlled by *Nettles*.

Accordingly, IT IS ORDERED:

1. Nezperce's petition (Doc. 1) is DISMISSED.

2. A certificate of appealability is DENIED.

3. The clerk shall enter, by separate document, a judgment of dismissal.

DATED this 22nd day of August, 2022.

_____
Brian Morris, Chief District Judge
United States District Court